UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VENA PARAY,<br><br>                              Plaintiff,<br><br>              -v.-<br><br>VHF INC. et al.,<br><br>                              Defendants. | 24 Civ. 4526 (JHR) (OTW)<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

JENNIFER H. REARDEN, District Judge:

Plaintiff Vena Paray, acting *pro se*, brings this action against her former employer, VHF

Inc., and two of her former supervisors, Nicolas Rohde and Mohamed Soliman (collectively,

"Defendants"), for discrimination based on marital status, race, religion, and sex and for

retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the New

York State Human Rights Law, N.Y. Exec. Law §§ 290 *et seq.* ("NYSHRL").  ECF No. 1

(Compl.).  Before the Court is the Report and Recommendation of Magistrate Judge Ona T.

Wang recommending that the Court grant Defendants' motion to dismiss, ECF No. 16, with

prejudice.  ECF No. 58 (R&R).  The Court has examined the Report and Recommendation and

notes that no objections have been filed.  For the reasons set forth below, the Court finds no clear

error in the Report and Recommendation and adopts Judge Wang's recommendation.

## BACKGROUND[1]

Plaintiff filed the Complaint on June 10, 2024, ECF No. 1, and requested to proceed *in*

*forma pauperis*, ECF No. 2.  Chief Judge Laura Taylor Swain granted Plaintiff's application on

June 13, 2024.  ECF No. 6.  This case was assigned to this Court on June 14, 2024.  On June 21,

2024, the Court referred the case to Judge Wang for general pretrial management and dispositive

---

[1] The Court incorporates by reference the summary of facts provided in the Report and
Recommendation.  *See* R&R at 2-3.

motions.  *See* ECF No. 9.  Defendants moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on September 16, 2024.  ECF No. 16.  Plaintiff opposed the motion on September 17, 2024, ECF No. 19, and Defendants filed their reply on September 26, 2024, ECF No. 21.  Without seeking leave of Court, Plaintiff filed a sur-reply further opposing Defendants' motion to dismiss on September 27, 2024.  ECF No. 23.

On August 22, 2025, Judge Wang issued a 13-page Report and Recommendation recommending that "Defendants' motion to dismiss be granted and that the Complaint be dismissed with prejudice."  *See* R&R at 12.  The Report and Recommendation notified the parties that, "[i]n accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)," they would "have fourteen days (including weekends and holidays) from receipt of this Report to file written objections."  R&R at 12.  The Report and Recommendation also cautioned that "**FAILURE TO OBJECT WITHIN FOURTEEN DAYS W[OULD] RESULT IN A WAIVER OF OBJECTIONS AND W[OULD] PRECLUDE APPELLATE REVIEW.**"  *Id.* at 13. (emphases in original).  No objections have been filed, nor has any request to extend the time to object been made.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp.*, No. 24-1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025).  With respect to those portions of the Report and Recommendation to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists.  *See, e.g.*, *Kerim v. Mezic*, No. 24 Civ. 05599 (MMG) (HJR), 2025

WL 27505, at *1 (S.D.N.Y. Jan. 3, 2025).  A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'"  *Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

Notwithstanding a direct warning that a failure to file objections would "**RESULT IN A WAIVER OF OBJECTIONS AND . . . PRECLUDE APPELLATE REVIEW**," R&R at 13 (emphasis in original), Plaintiff did not file any objections to the Report and Recommendation. Thus, Plaintiff waived the right to judicial review.  *See Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025) (citing *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))).  The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error.  The Report and Recommendation is "well-reasoned and grounded in fact and law."  *See, e.g., Fredricks*, 2025 WL 1018870, at *1.

**CONCLUSION**

Accordingly, the Report and Recommendation is adopted in its entirety. Defendants'

motion to dismiss, ECF No. 16, is granted, and the Complaint is dismissed with prejudice. The

Clerk of Court is directed to close this case.

SO ORDERED.

Dated: September 30, 2025
New York, New York

_____
JENNIFER H. REARDEN
United States District Judge